IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSHUA JOHNSON,
    Plaintiff,

v.   No.

THE UNITED STATES OF AMERICA,
RAMAH NAVAJO POLICE DEPARTMENT,
BRENDALYN BEGAY,
DEPARTMENT OF THE INTERIOR,
BUREAU OF INDIAN AFFAIRS,
CHARLES VANOSDELL,
DEPARTMENT OF HOMELAND SECURITY,
AND JOHN/JANE DOES 1- 6,
    Defendants.

## COMPLAINT TO RECOVER DAMAGES
## FOR DEPRIVATION OF CIVIL RIGHTS AND TORT CLAIMS

    Plaintiff, Joshua Johnson, brings this Complaint for violation of his civil rights under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. Section 1983 and Section 1988 seeking to redress the violations of his Constitutional Rights under the United States and New Mexico Constitutions and other claims under the Federal Tort Claims Act and New Mexico law, and by and through his attorneys of record, Carter & Valle Law Firm (Richard Valle, Matthew Zamora and Andrea Harris) and Law Office of Barry Klopfer P.C. (Barry Klopfer), and for his cause of action against the Defendants, states as follows:

### Parties, Jurisdiction and Venue

    1.    Plaintiff Joshua Johnson is an individual and a resident of Cibola County, Navajo Nation, State of New Mexico.

2. Defendant Ramah Navajo Police Department is a municipality and governmental entity within the State of New Mexico ("Ramah Police"). At all times relevant hereto, the Ramah Police was responsible for the operations of the Ramah Police Department and was responsible for the training and supervision of its police officers.

3. On information and belief, Defendant Brendalyn Begay, (hereinafter "Officer Defendant") was at all pertinent times employed as an officer with the Ramah Police Department, and at all times relevant hereto, was acting under the color of law.

4. On information and belief, Office Defendant had a BIA badge.

5. On information and belief, Defendant Charles VanOsdell was at all pertinent times employed as an officer with the Ramah Police Department, and at all times relevant hereto, was acting under the color of law.

6. On information and belief, Defendant VanOsdell had a BIA badge

7. On information and belief, Defendant Charles VanOsdell was at all pertinent times employed as an officer with the Department of Homeland Security, and at all times relevant hereto, was acting under the color of law.

8. On information and belief, Defendant Department of the Interior is an agency as defined in 5 U.S.C. § 701, and responsible for providing training, oversight and superintendence of federally recognized Indian tribes, including its police departments.

9. On information and belief, Defendant Bureau of Indian Affairs is an agency as defined in 5 U.S.C. § 701, and responsible for providing training, oversight and superintendence of federally recognized Indian tribes, including its police departments.

10. On information and belief, Defendant Department of Homeland Security is an agency as defined in 5 U.S.C. § 701, and responsible for providing training, oversight and superintendence of federally recognized Indian tribes, including its police departments.

11. On information and belief, Defendants John/Jane Doe 1-6 are unknown agents, servants, independent contractors or employees of the Ramah Police Department that in whole or in part contributed to the events set forth herein.

12. Plaintiff had a Fourth and Fourteenth Amendment right against excessive force.

13. Jurisdiction is conferred on this Court by virtue of the Federal Tort Claims Act, 28 U.S.C. Section 1346, 28 U.S.C. Section 2671 et seq. and 28 U.S.C. Section 1331.

14. Plaintiff has complied with all jurisdictional requirements of suit, including the giving of notice via Form 95 on a timely basis and filing suit within an appropriate time as Plaintiff's claim was denied.

15. Defendant is the United States of America.

16. Jurisdiction is proper pursuant to 28 U.S.C. Sections 1331 and 1343 and 42 U.S.C. Section 1983. Venue is proper in this District as the acts complained of occurred in New Mexico.

**Facts Common To All Counts**

17. Plaintiff hereby incorporates all prior allegations as if they were stated herein in full.

18. On or about April 24, 2014, Defendant Van Osdell was head of operations and conducted the briefing at the Ramah Navajo Police Department, which covered the operation of Federal warrant service for an individual, not Plaintiff.

19. Defendant VanOsdell provided the Ramah Navajo Police Department, including Officer Defendant, instructions on how to serve the Federal warrant.

20. On or about April 24, 2014, Defendant Officer, visible with badge of office and in full uniform of the Ramah Navajo Police Department, participated in apprehending a fugitive through service of a Federal warrant for a person who was not the Plaintiff.

21. Plaintiff was not a person of concern or suspected of any crime when officers went onto the subject property.

22. On or about April 24, 2014, while providing assistance with warrant service, Defendant Officer engaged in the unauthorized and unjustified use of deadly force against non-fugitive Plaintiff who was unarmed and non-combative.

23. On or about April 24, 2014, Plaintiff exited his residence, unarmed without any sharp objects or weapons, obeying any directions from law enforcement, when Defendant Officer or another officer shot Plaintiff.

24. Plaintiff did not pose an immediate threat to the safety of Defendant Officer or any other officer at the residence.

25. At no point did Plaintiff disobey or refuse an order from an identified police officer.

26. After injuring Plaintiff, Officer Defendant ran behind the wall of the carport located on the premises.

27. The Officer Defendant or another officer used excessive force against Plaintiff when she opened fire, shooting and injuring him.

28. Officer Defendant's actions were willful, wanton, and in gross and reckless disregard for Plaintiff's rights.

29. The actions of Defendants caused damages to Plaintiff.

30. The United States of America also had a duty to comply with its own, rules, regulations and laws on excessive force.

## COUNT I: EXCESSIVE USE OF FORCE IN VIOLATION OF AMENDMENT IV OF THE U.S. CONSTITUTION and TITLE 42 USC SECTION 1983

31. Plaintiff hereby incorporates all prior allegations as if they were stated herein in full.

32. Plaintiff has and had a Fourth Amendment right to be free of excessive use of force.

33. Defendants, through the Officer Defendant or another officer deprived Plaintiff of his right to be free of unreasonable and excessive force by opening fire when he exited his residence.

34. The force used by the Officer Defendant or another officer was objectively unreasonable under the circumstances.

35. The actions of the Officer Defendant or another officer were willful, wanton, and in gross and reckless disregard for Plaintiff's rights.

36. The actions of Officer Defendant or another officer caused damages to Plaintiff.

37. Plaintiff brings his Section 1983 claim against the Officer Defendant or another officer in her individual capacity.

38. At all times material hereto, Officer Defendant or another officer was acting under the color of the law.

39. The Officer Defendant or another officer used excessive force against Plaintiff when she opened fire, shooting and injuring him.

40. Defendant Ramah Navajo Police Department, Defendant Department of the Interior, Defendant Bureau of Indian Affairs, and Defendant Department of Homeland Security are each separately liable for failing to train, manage and supervise its officers.

## COUNT II: TORT CLAIMS

41. Plaintiff restates each of the allegations above as if stated fully herein.

42. Under the facts as previously alleged, Defendants' excessive and unnecessary use of force against the Plaintiffs constituted battery under state law.

43. Defendant Ramah Navajo Police Department, Defendant Department of the Interior, Defendant Bureau of Indian Affairs, and Defendant Department of Homeland Security are each separately liable under the theory of *respondeat superior* for the battery committed by the Officer Defendant or another officer.

44. The actions of all Defendants caused damages to Plaintiffs.

## COUNT III: NEGLIGENCE

45. Plaintiff incorporates all prior allegations as if set forth herein in full.

46. Officer Defendant and any other officers had a duty to exercise ordinary care in interactions with Plaintiff.

47. Officer Defendant or another officer had a duty to avoid placing others such as Plaintiff in danger and to prevent injuries and damages.

48. Officer Defendant or another officer breached her duties by failing to properly observe the situation, exercise ordinary care in the operating a gun and by failing to obey all laws.

49. Officer Defendant or another officer's actions and omissions constitute negligence as stated herein.

50. Officer Defendant or another officer's actions and omissions constitute behavior that rises to the level of being reckless or utterly indifferent.

51. Defendant United States is responsible for the actions and inactions of employees of the United States.

52. Officer Defendant or another officer's breach of duty as set forth herein, directly caused Plaintiff to suffer damages in the form of bodily injury, pain and suffering, emotional distress, loss of enjoyment of life and medical expenses, in an amount to be determined at trial.

53. Defendant Ramah Navajo Police Department, Defendant Department of the Interior, Defendant Bureau of Indian Affairs, and Defendant Department of Homeland Security are each separately liable under the theory of *respondeat superior* for the negligence of the Officer Defendant.

54. Defendants are liable for the damages caused.

### COUNT V: NEGLIGENT HIRING, TRAINING AND SUPERVISION

55. Plaintiff restates each of the allegations above as if stated fully herein.

56. Defendant Ramah Police Department was the employer of Officer Defendant or another officer.

57. Defendant Department of the Interior was the employer of Officer Defendant or another officer.

58. Defendant Bureau of Indian Affairs was the employer of Officer Defendant or another officer.

59. Ramah Police Department was responsible with hiring, training, and supervising its employees, including Officer Defendant or another officer.

60. Defendant Department of the Interior was responsible with hiring, training, and supervising its employees, including Officer Defendant or another officer.

61. Defendant Bureau of Indian Affairs was responsible with hiring, training, and supervising its employees, including Officer Defendant or another officer.

62. Defendant Department of Homeland Security and Defendant VanOsdell were responsible with training and supervising officers under their operation.

63. Defendant Ramah Police Department was responsible with implementing and enforcing safety policies and standards.

64. Defendant Department of the Interior was responsible with implementing and enforcing safety policies and standards.

65. Defendant Bureau of Indian Affairs was responsible with implementing and enforcing safety policies and standards.

66. Defendant Department of Homeland Security and Defendant VanOsdell were responsible with implementing and enforcing safety policies and standards.

67. Defendants knew or should have known that the hiring, training, and supervision of Officer Defendant or another officer created an unreasonable risk of injury to a group or class that includes Plaintiff.

68. Defendants failed to use ordinary care in the hiring, training, and supervision of Officer Defendant or another officer.

69. Defendants' negligence in the hiring, training, and supervision was a cause of Plaintiff's injuries and damages.

70. Defendants' negligence, as set forth herein, directly caused Plaintiff to suffer damages in the form of bodily injury, past and future medical expenses, pain and suffering,

emotional distress, loss of enjoyment of life, nature, extent and duration of injury, punitive damages, attorney's fees, costs, and any other available damages, in an amount to be determined at trial.

71. Plaintiff demands a jury to the extent these claims may be tried before a jury.

**WHEREFORE,** Plaintiff prays that he be awarded Compensatory damages in an as yet undetermined amount jointly and severally against all Defendants; interest and punitive damages in an as yet undetermined amount against Defendants as allowed by law; reasonable costs and attorney's fees incurred in bringing this action; and such other and further relief the Court deems just and proper.

Respectfully submitted,

CARTER & VALLE LAW FIRM, P.C.

By: /s/ Richard J. Valle
    Richard J. Valle
    Matthew J. Zamora
    Andrea D. Harris
    8012 Pennsylvania Circle NE
    Albuquerque, NM  87110
    (505) 888-4357

And

Barry Klopfer
Law Office of Barry Klopfer, P.C.
224 W. Coal Ave
Gallup, New Mexico  87301
(505) 722-9331