UNITED STATES DISTRICT COURT

DISTRICT OF NEW MEXICO

JOSHUA JOHNSON,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

No. 16-CV-322-BRB-KBM

**ORDER GRANTING DEFENDANT'S
FIRST PARTIAL MOTION TO DISMISS**

    Plaintiff Joshua Johnson accuses Ramah Navajo Police Officer Brendolyn Begay of exercising tortious force against his person. Begay held a Special Law Enforcement Commission from the Bureau of Indian Affairs (BIA) (a branch of the Department of the Interior) at the time of the incident. Accordingly, Plaintiff brings this action against the United States pursuant to the Federal Torts Claims Act (FTCA), specifically 28 U.S.C. § 1346(b)(1). Now before the Court is the Government's first partial motion to dismiss (Doc. 17). The Government moves to dismiss Plaintiff's claims of negligent hiring, training, and supervision for want of jurisdiction.[1]

---

[1] Plaintiff stipulates to the dismissal of any claims alleged under § 1983, the Fourteenth Amendment, and the New Mexico Tort Claims Act.

The FTCA constitutes a limited waiver of the Government's sovereign immunity. To that end, courts narrowly construe the FTCA. Lopez v. United States, 823 F.3d 970, 975–76 (10th Cir. 2016). The FTCA requires a claimant to exhaust administrative remedies before filing suit in federal court:

> An action shall not be instituted upon a claim against the United States for money damages for . . . personal injury . . . caused by the negligent or wrongful act . . . of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency . . . .

28 U.S.C. § 2675(a). In the Tenth Circuit "[t]his exhaustion requirement is 'jurisdictional and cannot be waived.'" Lopez, 823 F.3d at 976 (quoting Bradley v. United States by Veterans Admin., 951 F.2d 268, 270 (10th Cir. 1991)).

In its motion, the Government asserts Plaintiff did not exhaust his negligent hiring, training, and supervision claims because he failed to describe any facts that would put the concerned federal agencies on notice of such claims. Before filing suit, Plaintiff submitted Standard Form 95, the form typically used to file an administrative claim with the Government, to the BIA. The narrative supporting the "Basis of Claim" states in its entirety:

> On [April 24, 2014], Officer Brendolyn Begay of the Ramah Navajo Police Department was assisting to serve an arrest warrant on Joseph Paddock in Pine Hill, New Mexico. Officers, including Officer Begay, arrived at Yucca Village House #49 and surrounded the house. [Plaintiff] Joshua Johnson was in the house. He was not a target of the arrest warrant and was unarmed. As Mr. Johnson exited the house, "[Officer Begay] heard her AR go off." [quotations and brackets in original]. She shot Mr. Johnson, causing extensive bodily injury to his left forearm. He has required multiple surgeries, skin grafting, and

>nerve grafting.  He continues to have an open fracture site. Documentation currently in Mr. Johnson's possession is attached hereto.  He will supplement as other documentation is received.

For our purpose, the Tenth Circuit has construed the term "claim" in § 2675(a) as requiring "a written statement describing the injury in sufficient detail to allow the agency to begin an investigation into the possibility of potentially tortious conduct . . . . The claim asserted encompasses any cause of action fairly implicit in the facts." Lopez, 823 F.3d at 976 (internal quotations omitted).  In this case, the facts alleged in Plaintiff's administrative claim were not sufficient to provide the BIA with notice of his negligent hiring, training, and supervising claims. See id. at 976–77 (holding FTCA claim against VA hospital for negligent credentialing and privileging of supervising physician unexhausted).  To be sure, such claims require proof that Begay unlawfully harmed Plaintiff, and that much was alleged before the BIA.  But such claims also require proof that a superior of Begay's breached a legal duty in hiring, training, or supervising Begay.  Nothing has been brought to the Court's attention that suggests Plaintiff's administrative claim provided the BIA with notice that it needed to investigate anything other than Begay's alleged wrongdoing. Thus, the Government had no opportunity to resolve these claims without litigation. See Trentadue v. United States, 397 F.3d 840, 852 (10th Cir. 2005) (observing that "as long as the language of an administrative claim serves due notice that the agency should investigate the possibility of particular (potentially tortious) conduct . . . , it fulfills the notice-of-claim requirement" (internal quotations omitted)).

Because Plaintiff's administrative claim did not reasonably encompass his negligent hiring, training, and supervision claims, the Court lacks jurisdiction to address them.  Accordingly, the Government's first partial motion to dismiss (Doc. 17) is GRANTED.

        Entered for the Court,
        this 19th day of November, 2016


        Bobby R. Baldock
        United States Circuit Judge
        Sitting by Designation